[No. 25433. Department One. August 7, 1935.]

MARTIN GALANENA, *Appellant*, v. ELLIS RAGAN *et al.*, *Respondents*.[1]

*Geo. H. Mullins*, for appellant.
*Richards, Gilbert & Conklin*, for respondents.

TOLMAN, J.—This is an action upon a promissory note due in installments. The complaint alleges that

[1]Reported in 47 P. (2d) 1021.

certain installments of principal and interest were due and unpaid; and that, in accordance with the usual acceleration clause which was contained in the note, the whole of the principal with accrued interest was declared to be immediately due. The amended answer pleaded an oral extension based upon a valuable consideration. The case was tried to a jury, which rendered a verdict in favor of the defendants; and from a judgment on the verdict, the plaintiff has appealed. The errors assigned question the legal sufficiency of the defense as pleaded and as proved, and also the instructions by which that defense was submitted to the jury.

Since, under our liberal rules, pleadings are considered amended to conform to the proof, we find it necessary to discuss only the issues which were submitted to the jury.

It appears that respondents not only were indebted to the appellant upon the note described in the complaint, but also owed him wages earned while in their employ to the amount of $420. On September 15, 1933, there became due on the note, according to its terms, an installment of $250 on account of the principal, and also interest at the rate of six per cent per annum on three thousand dollars for the period of nine months. Shortly after these sums became due, appellant began to ask for money, and soon left his employment and devoted his attention to collecting what was due him. He was paid various sums over a period of several months; and finally, as the jury had a right to believe, at a conference between himself and one of the respondents, early in the month of February, 1933, it was agreed between them that the amounts which had then been paid were sufficient to discharge the claim for services and also to pay in full the principal installment which fell due on the note Septem-

ber 15, 1932, but that the interest then due on the note had not been paid. Respondent Ragan testified:

"I says, 'If you will wait now, we will pay you on the 20th of February, $180.00; you have nine months' interest coming and I will give you an additional three months' and it makes $180.00.' Q. What did he say? A. He agreed to that and said it was all right. Q. He agreed to wait until the 20th of February? A. Yes. Q. When was this suit started and the summons and complaint served on you? A. The 15th of February. Q. Was this agreement you had to wait until the 20th in consideration of your agreement to pay him three months' additional interest—was that agreement made before this suit was started? A. Yes, sir. Q. Did you after this suit was started and on or before February 20th pay him the nine months' interest and three months' additional interest, making $180.00 altogether? A. Yes."

As to the actual payment, Ragan further testified that, on February 18, 1933, he, accompanied by another, visited appellant in his room, describing what then occurred as follows:

"And I said, 'Well, Martin, I have your money here for you, your interest, according to your agreement with me to pay it on the 20th, but I have it now.' He says, 'All right.' I counted the money out to him and I says, 'That's all fair and square,' and he said, 'yes.' I said, 'Then you will stop this suit?' And he said, 'I will stop it this afternoon.' I said, 'All right.' Then I give him $10.00 extra."

Ragan's account of the transaction was corroborated by the testimony of an apparently disinterested witness. Of course, the appellant in rebuttal denied all this in what seems to us a rather convincing manner, but the issue of fact was for the jury to determine under proper instructions.

The court instructed the jury upon the extension issue as follows:

"If you shall find from a preponderance of the evidence in this case that the plaintiff agreed with the defendants, on or before the 15th day of February, 1934, to extend the time of payment of the interest installment on said note which came due on September 15, 1933, to the 20th day of February, 1934, in consideration of the defendant's promise and agreement to pay said installment, together with three months additional interest, making one year's interest in all, on or before the 20th day of February, 1934, and if you find that on or before the 20th day of February, pursuant to said agreement, the defendants did pay to the plaintiff one year's interest on said note to December 14, 1933, and that said payment was accepted by the plaintiff, then your verdict shall be for the defendants."

Appellant complains of this instruction, first, because it does not describe the extension agreement in the words of the answer by which it was pleaded, and second, because it reads something into the agreement which the evidence did not justify.

As to the first objection, if there was a difference between the pleadings and the proof, a question which we do not now determine, then it was the duty of the court to submit to the jury the issue raised by the evidence.

To support the second contention, appellant advances the rule that, when partial payments are made, the amount received should be first applied to the payment of interest then due, and by a somewhat complicated set of figures attempts to show that, if this rule had been followed, there would still be due to the appellant, because of interest on overdue installments, after crediting the sum of $180 paid on February 18, 1933, the sum of $5.56. From those figures, he draws the conclusion that there was no consideration promised or paid for the extension.

The rule is no doubt a well recognized one, but be-

cause there was no evidence that appellant ever asserted any claim to interest on overdue installments and nothing of that kind was suggested by the reply, and because there was evidence of an additional payment of ten dollars on the day that the $180 payment was made, and because the evidence justifies a finding that the amounts thus paid were accepted as sufficient to cover three months' interest not yet due, we cannot think that it was the duty of the trial court to compel the jury to enter into the extended computation which appellant's theory would have required.

The real issue was that of veracity. The jury chose to believe the respondents' evidence, and the appellant must abide by the result.

Finding no error, the judgment is affirmed.

GERAGHTY, MAIN, BEALS, and BLAKE, JJ., concur.